```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

NORMAN DARISH,                  )
                                )
         Plaintiff,             )
                                )
    v.                          )  C.A. No. 04-11004-NG
                                )
DEPARTMENT OF                   )
SOCIAL SERVICES, et al.,        )
                                )
         Defendants.            )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff is directed to demonstrate good cause why this action should not be dismissed.

FACTS

On May 17, 2004, plaintiff Norman Darish, a resident of Newton, Massachusetts, filed an application to proceed without prepayment of fees and a complaint against the Massachusetts Department of Social Services ("DSS") and Cheryl Kurtz, an employee of Children's Charter in Waltham, Massachusetts.

Darish alleges that in February 2003, DSS removed his two minor children from his custody and that he has undergone several evaluations at DSS's request, including an assessment at Children's Charter. Compl. p. 2. He contends that in December 2003, he mailed a "Freedom of Information" request to DSS and Children's Charter and that DSS "ignored" his request and that Children's Charter "refused" to comply with it. Id. Darish seeks an order from this Court

directing both defendants to respond to his request for information. Id. at p. 3.

## ANALYSIS

I. The Court May Screen This Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915. See 28 U.S.C. § 1915. A district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b). In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

II. This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claims

In order for this Court to review plaintiff's claims, it must either have (1) federal question or (2) diversity subject-matter

jurisdiction over the claims.  See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction); In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) (court has an obligation to inquire sua sponte whether subject-matter jurisdiction exists and to proceed no further if such jurisdiction is lacking).

    A.   The Complaint Does Not Involve a Federal Question

Federal district courts have original jurisdiction over "federal question" cases, that is, civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998).  Generally, a claim arises under federal law within the meaning of Section 1331 if a federal cause of action emerges from the face of a well-pleaded complaint.  See City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997).  The well-pleaded complaint rule restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiff's complaint.  Viqueira, 140 F.3d at 17.

Here, plaintiff refers to his request for information from defendants as a "Freedom of Information" request.  The federal Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), implements a Congressional policy of opening agency action to the light of public scrutiny by requiring federal agencies to adhere to a general

philosophy of full agency disclosure. Dep't of Justice v. Tax Analysts, 42 U.S. 136, 142 (1989) (citations omitted). The FOIA applies only to federal, not state agencies. See Philip Morris, Inc., v. Harshbarger, 122 F.3d 58, 83 (1st Cir. 1997) ("FOIA ... applies only to federal executive branch agencies"); accord Grand Cent. Partnership, Inc. v. Cuomo, 166 F.3d 473, 484 (2d Cir. 1999) (same; dismissing FOIA claims against New York City Council).[1] Therefore, no federal question exists and this Court does not have federal question subject-matter jurisdiction over plaintiff's claims. See 28 U.S.C. § 1331; Viqueira, 140 F.3d at 19 (affirming dismissal).

    B.   There is No Basis for Diversity Jurisdiction

District courts also have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity must be complete: the citizenship of each plaintiff must be shown to be diverse from that of each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978). Here, although Massachusetts has enacted its own version of the federal Freedom of Information Act, the Public Records Act, Mass. Gen. Laws ch. 66, § 10, this Court

---

[1] Section 552(f) of the FOIA incorporates the definition of "agency" contained in section 551(1) of the Administrative Procedure Act ("APA") by reference. See 5 U.S.C. § 552(f). Section 551(1) of the APA defines "agency" as "each authority of the Government of the United States," with a few exceptions not relevant here. 5 U.S.C. 551(1).

may not review plaintiff's claims under that act because diversity is lacking.

Diversity of citizenship does not exist between DSS and plaintiff because a suit between a state (or a state entity such as DSS) and a citizen of another state is not a suit between citizens of different states for purposes of diversity jurisdiction. Illinois v. City of Milwaukee, 406 U.S. 91, 98 n.1 (1972); accord Moor v. Alameda, 411 U.S. 693, 717 (1973) (stating that there is no question that a State is not a citizen for purposes of diversity jurisdiction). Further, even assuming that defendant Kurtz would be subject to suit under the Public Records Act, perhaps a doubtful proposition,[2] the complaint contains no allegations indicating that there is diversity of citizenship.

Because the citizenship of plaintiff and the defendants are not alleged to be diverse, diversity jurisdiction under Section 1332 does not exist and plaintiff's claims thus are subject to dismissal on

---

[2] It is not clear from plaintiff's complaint whether defendant Kurtz is a public official. Globe Newspaper Co. v. Boston Retirement Bd., 446 N.E.2d 1051, 1054, 388 Mass. 427, 430-431 (1983) (public records statute requires public access to various records and documents in the possession of public officials). This Court does not express any view on the merits of plaintiff's claims under the act. But see id. 446 N.E.2d at 1054, 388 Mass. at 430-431 ("public records" must be disclosed unless one of nine statutory exemptions is applicable).

this basis as well.[3] Northeast Federal Credit Union v. Neves, 837 F.2d 531, 533 (1st Cir. 1988) (vacating and directing district court to dismiss, no diversity jurisdiction existed); Paparella v. Idreco Invest., 858 F. Supp. 283, 284 (D. Mass. 1994) (dismissing).

## CONCLUSION

ACCORDINGLY, plaintiff shall demonstrate good cause, in writing, within 35 days of the date of this Memorandum and Order, why this action should not be dismissed for the reasons stated above. Dated at Boston, Massachusetts, this 24th day of May, 2004.

s/ Nancy Gertner
NANCY GERTNER
UNITED STATES DISTRICT JUDGE

---

[3] Moreover, plaintiff does not seek damages, and it appears that damages are not available under the Public Records Act. See Mass. Gen. Laws ch. 66, § 10(b) (if custodian of a public record refuses or fails to comply with request, supreme judicial or superior court shall have jurisdiction to order compliance); St. Paul Mercury Indemnity Company v. Red Cab Company, 303 U.S. 289 (1938) (a court can dismiss an action for insufficiency of the amount in controversy only when, "from the face of the pleadings, it is apparent, to a legal certainty, ... that the plaintiff never was entitled to recover" a sum in excess of the jurisdictional minimum); accord Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (same).