```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

NORMAN DARISH,                     )
                                   )
          Plaintiff,               )
                                   )
     v.                            )  C.A. No. 04-11004-NG
                                   )
DEPARTMENT OF                      )
SOCIAL SERVICES, et al.,           )
                                   )
          Defendants.              )
```

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below, plaintiff has failed to demonstrate good cause why this action should not be dismissed, and this action is dismissed.

<u>FACTS</u>

On May 24, 2004, I ordered plaintiff Norman Darish to demonstrate good cause, within 35 days of the date of the order, why this action should not be dismissed for lack of subject matter jurisdiction. The May 24, 2004 Memorandum and Order stated that it appeared that there was no federal question jurisdiction because the federal Freedom of Information Act does not apply to state entities and that it also appeared that there was no diversity jurisdiction because both diversity and the requisite amount in controversy were lacking.

On June 25, 2004, Darish timely filed a response stating that Massachusetts agencies do respond to "FOIA requests" and attaching an article referring to the "Freedom of Information Act" in reference to

the Massachusetts Department of Correction and a Massachusetts Attorney General complaint form referring to the same. He also claims that there should be federal jurisdiction over his claims because the Massachusetts Department of Social Services receives federal funding. Response, p. 1-2.

## ANALYSIS

I.  Plaintiff Has Not Demonstrated
    That Subject-Matter Jurisdiction Exists

The references to "Freedom of Information Act" in the documents submitted by Darish do not demonstrate that this Court has jurisdiction over Darish's claims. As I stated in the May 24, 2004, Memorandum and Order, Congress has enacted a _federal_ Freedom of Information Act and the Massachusetts legislature has also enacted its own _state_ version of the federal Freedom of Information Act, the Public Records Act, Mass. Gen. Laws ch. 66, § 10. It appears that the references to "Freedom of Information Act" in the exhibits submitted by Darish are references to the state act, and as discussed in the May 24, 2004 Memorandum and Order, diversity jurisdiction does not appear to exist to consider Darish's claims under the Massachusetts Act. See, e.g., Illinois v. City of Milwaukee, 406 U.S. 91, 98 n.1 (1972) (a suit between a state (or a state entity) and a citizen of another state is not a suit between citizens of different states for purposes of diversity jurisdiction); accord Moor

v. Alameda, 411 U.S. 693, 717 (1973) (a State is not a citizen for purposes of diversity jurisdiction); Mass. Gen. Laws ch. 66, § 10(b) (if custodian of a public record refuses or fails to comply with request, supreme judicial or superior court shall have jurisdiction to order compliance); St. Paul Mercury Indemnity Company v. Red Cab Company, 303 U.S. 289 (1938) (a court can dismiss an action for insufficiency of the amount in controversy only when, "from the face of the pleadings, it is apparent, to a legal certainty, ... that the plaintiff never was entitled to recover" a sum in excess of the jurisdictional minimum); accord Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (same).[1]

    Darish also claims that the federal Freedom of Information Act applies to the Massachusetts Department of Social Services because that agency receives federal funds. The mere fact that a state entity receives federal funds, without more, does not convert it into a federal agency for purposes of the federal FOIA. St. Michael's Convalescent Hosp. v. California, 643 F.2d 1369, 1374 (9th Cir. 1981) (FOIA did not apply to state agency because it received federal funds); accord DeHarder Inv. Corp. v. Indiana Housing Finance, 909 F. Supp. 606, 617 (S.D. Ind. 1995) (same); cf. United States v. Orleans,

---

[1] Northeast Federal Credit Union v. Neves, 837 F.2d 531, 533 (1st Cir. 1988) (vacating and directing district court to dismiss, no diversity jurisdiction existed); Paparella v. Idreco Invest., 858 F. Supp. 283, 284 (D. Mass. 1994) (dismissing).

425 U.S. 807, 816 (1976) (federal regulations do not convert acts of local and state governmental bodies into federal governmental acts).[2] Thus, Darish has not demonstrated federal subject-matter jurisdiction on this basis as well.  St. Michael's Convalescent Hosp., 643 F.2d at 1374 (dismissing); DeHarder Inv. Corp., 909 F. Supp. at 617 (same).

## CONCLUSION

ACCORDINGLY, this action is dismissed for the reasons stated in this and the May 24, 2004 Memorandum and Order.


Dated at Boston, Massachusetts, this <u>19th</u> day of <u> July </u>, 2004.


                                        s/ Nancy Gertner
                                        NANCY GERTNER
                                        UNITED STATES DISTRICT JUDGE

---

[2] The federal Freedom of Information Act, 5 U.S.C. § 552, implements a Congressional policy of opening agency action to the light of public scrutiny by requiring federal agencies to adhere to a general philosophy of full agency disclosure.  Dep't of Justice v. Tax Analysts, 42 U.S. 136, 142 (1989) (citations omitted).  Section 552(f) of the FOIA incorporates the definition of "agency" contained in section 551(1) of the Administrative Procedure Act ("APA") by reference.  See 5 U.S.C. § 552(f).  Section 551(1) of the APA defines "agency" as "each authority of the Government of the United States," with a few exceptions that are not relevant here.  5 U.S.C. 551(1). Thus, despite Darish's contention to the contrary, it is beyond question that the federal FOIA applies only to federal and not to state agencies.  See Philip Morris, Inc., v. Harshbarger, 122 F.3d 58, 83 (1st Cir. 1997) ("FOIA ... applies only to federal executive branch agencies"); accord Grand Cent. Partnership, Inc. v. Cuomo, 166 F.3d 473, 484 (2d Cir. 1999) (same; dismissing FOIA claims against New York City Council).